**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number (*If known*): ________ Chapter 11

❑ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name** — ExpressJet Airlines LLC

2. **All other names debtor used in the last 8 years** — aha!; air hotel adventure; fly-aha!; aha! Travel Management Company

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN) — 58-1354495

4. **Debtor's address**

   **Principal place of business**

   1745 Phoenix Boulevard
   Number Street

   Suite 250

   College Park GA 30349
   City State ZIP Code

   Fulton
   County

   **Mailing address, if different from principal place of business**

   Number Street

   P.O. Box

   City State ZIP Code

   **Location of principal assets, if different from principal place of business**

   4741 World Houston Parkway
   Number Street

   Suite 150

   Houston TX 77032
   City State ZIP Code

5. **Debtor's website** (URL) — https://expressjet.com

Debtor ExpressJet Airlines LLC
Name

Case number (*if known*)

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: ___

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4 8 1 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

Debtor ExpressJet Airlines LLC Case number (*if known*) ____________
Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No
☐ Yes. District ____________ When ____________ (MM / DD / YYYY) Case number ____________
District ____________ When ____________ (MM / DD / YYYY) Case number ____________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No
☐ Yes. Debtor ____________ Relationship ____________
District ____________ When ____________ (MM / DD / YYYY)
Case number, if known ____________

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? ____________

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ____________

**Where is the property?** ____________
Number Street

____________
City State ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency ____________

Contact name ____________

Phone ____________

## Statistical and administrative information

Debtor ExpressJet Airlines LLC
Name

Case number (*if known*) ____________________

**13. Debtor's estimation of available funds**

*Check one:*

- [x] Funds will be available for distribution to unsecured creditors.
- [ ] After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

- [ ] 1-49
- [ ] 50-99
- [ ] 100-199
- [ ] 200-999
- [x] 1,000-5,000
- [ ] 5,001-10,000
- [ ] 10,001-25,000
- [ ] 25,001-50,000
- [ ] 50,001-100,000
- [ ] More than 100,000

**15. Estimated assets**

- [ ] $0-$50,000
- [ ] $50,001-$100,000
- [ ] $100,001-$500,000
- [ ] $500,001-$1 million
- [ ] $1,000,001-$10 million
- [x] $10,000,001-$50 million
- [ ] $50,000,001-$100 million
- [ ] $100,000,001-$500 million
- [ ] $500,000,001-$1 billion
- [ ] $1,000,000,001-$10 billion
- [ ] $10,000,000,001-$50 billion
- [ ] More than $50 billion

**16. Estimated liabilities**

- [ ] $0-$50,000
- [ ] $50,001-$100,000
- [ ] $100,001-$500,000
- [ ] $500,001-$1 million
- [ ] $1,000,001-$10 million
- [x] $10,000,001-$50 million
- [ ] $50,000,001-$100 million
- [ ] $100,000,001-$500 million
- [ ] $500,000,001-$1 billion
- [ ] $1,000,000,001-$10 billion
- [ ] $10,000,000,001-$50 billion
- [ ] More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08 / 23 / 2022
MM / DD / YYYY

✘ /s/ John Greenlee
Signature of authorized representative of debtor

John Greenlee
Printed name

Title President

Debtor ExpressJet Airlines LLC
Name

Case number (*if known*)

**18. Signature of attorney**

✘ /s/ Eric D. Schwartz
Signature of attorney for debtor

Date 08 / 23 / 2022
MM / DD / YYYY

Eric D. Schwartz
Printed name

Morris, Nichols, Arsht & Tunnell
Firm name

1201 North Market Street
Number Street

Wilmington DE 19801-1347
City State ZIP Code

(302) 658-9200
Contact phone

eschwartz@morrisnichols.com
Email address

3134 DE
Bar number State

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **EXPRESSJET AIRLINES LLC,** | Case No. 22-_____ (___) |
| Debtor.[1] | |

**CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY SECURITY HOLDERS**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure and rule 1007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and debtor in possession hereby states that the Debtor ExpressJet Airlines LLC is 100% owned by ManaAir LLC ("ManaAir"). ManaAir is jointly owned by KAir Enterprises LLC and MNBS Associates LLC.

[1] The last four digits of the Debtor's federal EIN are 4495. The Debtor's mailing address is 1745 Phoenix Boulevard, Suite 250, College Park, GA 30349.

| Fill in this information to Identify the case: |
|---|
| Debtor Name: ExpressJet Airlines LLC |
| United States Bankruptcy Court for the: District of Delaware |
| Case Number (If known): |

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A consolidated list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SMALL BUSINESS ADMINISTRATION (SBA)<br>PPP LOAN<br>409 3RD STREET SW<br>WASHINGTON, DC 20416 | CONTACT: THERESE MEERS<br>ANSWERDESK@SBA.GOV | PPP LOAN | | | | $10,000,000.00 |
| 2 | U.S. DEPARTMENT OF THE TREASURY<br>CARES ACT LOAN<br>1500 PENNSYLVANIA AVENUE, NW<br>WASHINGTON, DC 20220 | CONTACT: GENERAL COUNSEL<br>CARESITFORMS@TREASURY.GOV | CARES ACT LOAN | | | | $3,924,393.00 |
| 3 | SKYWEST AIRLINES INC<br>444 SOUTH RIVER ROAD<br>ST. GEORGE, UT 84790 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 435-634-3000<br>FAX: 435-634-3105 | WORKERS COMPENSATION | Unliquidated, Contingent and Disputed | | | $2,500,000.00 |
| 4 | EIC AIRCRAFT LEASING LIMITED<br>3RD FLOOR KILMORE HOUSE<br>DUBLIN 1<br>IRELAND | CONTACT: DANICA GUTIERREZ<br>PHONE: 353-19032660 | AIRCRAFT LEASING | | | | $702,547.74 |
| 5 | HAWKER PACIFIC AEROSPACE<br>PO BOX 894524<br>LOS ANGELES, CA 90189-4524 | CONTACT: VALERIE SAWYER<br>VALERIE.SAWYER@HAWKER.COM | REPAIRS AND MAINTENANCE | Disputed | | | $508,401.65 |
| 6 | MARSH USA INC<br>PO BOX 846015<br>DALLAS, TX 75284-6015 | CONTACT: JORDAN BRIGGS<br>JORDAN.BRIGGS@MARSH.COM | INSURANCE | | | | $182,973.00 |
| 7 | HOUSTON, CITY OF<br>PO BOX 204172<br>HOUSTON, TX 77216-4172 | CONTACT: GENERAL COUNSEL<br>HAS-WIRETRANSFERS@HOUSTONTX.GOV | LEASE AGREEMENT | | | | $179,133.42 |

Debtor: ExpressJet Airlines LLC

Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | DAL GLOBAL SERVICES LLC<br>PO BOX 745139 - 6W<br>ATLANTA, GA 30349 | CONTACT: LARRY WEXLER<br>AR@UNIFISERVICE.COM | HANDLING FEES | | | | $176,995.09 |
| 9 | REGIONAL ONE INC<br>PO BOX 24620<br>WEST PALM BEACH, FL 33416 | CONTACT: DORON MAROM<br>ACCOUNTSRECEIVABLE@REGIONALONE.COM | PARTS/SUPPLIES | | | | $148,500.00 |
| 10 | WORLD FUEL SERVICES INC<br>9800 NW 41ST STREET<br>MIAMI, FL 33178 | CONTACT: IRA M. BIRNS<br>YGORDON@WFSCORP.COM | FUEL COSTS | | | | $125,486.84 |
| 11 | C&L AEROSPACE LLC<br>40 WYOMING AVENUE<br>BANGOR, ME 04401 | CONTACT: JON LAY<br>ACCOUNTS@CLA.AERO | REPAIRS AND MAINTENANCE | | | | $86,208.17 |
| 12 | TRIPACTION<br>1501 PAGE MILL RD. BLD 1<br>PALO ALTO, CA 94304 | CONTACT: THOMAS TUCHSCHERER<br>AR@TRIPACTIONS.COM | TRAVEL AND MISC. EXPENSES | | | | $81,729.11 |
| 13 | FOUNDRY LLC<br>PO BOX 2945<br>MOBILE, AL 36652 | CONTACT: JIM BAUSERMAN<br>GINA@FOUNDRYIDEAS.COM | ADVERTISING/MARKETING | | | | $79,736.55 |
| 14 | CINTAS<br>97627 EAGLE WAY<br>CHICAGO, IL 60678-9760 | CONTACT: J. MICHAEL HANSEN<br>MAIL-NASDEFTACHPYMT@CINTAS.COM | UNIFORMS | | | | $67,845.02 |
| 15 | RENO-TAHOE AIRPORT AUTHORITY<br>PO BOX 12490<br>RENO, NV 89510 | CONTACT: DAREN GRIFFIN<br>AESQUIVEL@RENOAIRPORT.COM | RENTS | | | | $66,936.72 |
| 16 | CAPITAL REGION AIRPORT COMMISSION<br>1 RICHARD E. BYRD TERMINAL DRIVE<br>RICHMOND, VA 23250-2400 | CONTACT: STEVE OWEN<br>ACHPAYMENTS@FLYRICHMOND.COM | RENTS | | | | $55,885.80 |
| 17 | STS LINE MAINTENANCE<br>2000 NE JENSEN BEACH BOULEVARD<br>JENSEN BEACH, FL 34957 | CONTACT: CHIEF FINANCIAL OFFICER<br>SALES@STSAVIATIONSERVICES.COM | REPAIRS AND MAINTENANCE | | | | $50,606.43 |
| 18 | MECHANICAL PIPING SYSTEMS INC<br>PO BOX 1781<br>TOMBALL, TX 77377 | CONTACT: JOE HYNES<br>MGALLOWAY@MPSHOU.COM | REPAIRS AND MAINTENANCE | | | | $46,017.09 |
| 19 | XEROX CORPORATION<br>PO BOX 202882<br>DALLAS, TX 75320-2882 | CONTACT: WILLIAM OSBOURN<br>EFTREMIT@XEROX.COM | REPAIRS AND MAINTENANCE | | | | $45,649.68 |
| 20 | PARKER HANNIFIN CORP<br>7969 COLLECTION CENTER DRIVE<br>CHICAGO, IL 60693 | CONTACT: THOMAS L. WILLIAMS<br>CSOREMITTANCEDETAILS@PARKER.COM | REPAIRS AND MAINTENANCE | | | | $41,027.57 |

**UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF EXPRESSJET AIRLINES LLC**

The undersigned, being all of the members of the board of directors (the "Board") of ExpressJet Airlines LLC (the "Company"), and acting pursuant to the authority granted to the Board pursuant to Section 7 of the Limited Liability Company Agreement of the Company, consent to and adopt the following resolutions:

**WHEREAS**, the Board has reviewed and considered, among other things, the financial condition of the Company; and

**WHEREAS**, the Board has reviewed and considered the recommendations of management of the Company and the Company's legal and financial advisors concerning the strategic alternatives available to the Company;

**NOW, THEREFORE, BE IT RESOLVED**, that, with respect to the Company, the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company and its creditors and other interested parties that a voluntary petition (the "Petition") be filed by the Company under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and be it further

**RESOLVED**, that any officer of the Company (each, an "Authorized Person"), in the case, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, and under its corporate seal or otherwise, the petition, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, the "Chapter 11 Filings") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED**, that any Authorized Person, in the case, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 case (the "Chapter 11 Case") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Company's Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that any Authorized Person, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to retain (i) Morris, Nichols, Arsht & Tunnell LLP, as general bankruptcy counsel; (ii) Eversheds Sutherland (US) LLP, as special corporate and transactional counsel; and (iii) Epiq Corporate Restructuring, LLC, as claims and noticing agent and administrative agent, in each case on such terms as any Authorized Person shall deem necessary, appropriate or desirable and subject to any required approvals of the Bankruptcy Court; and be it further

**RESOLVED**, that, with respect to the Company, any Authorized Person, any one of whom may act without the joinder of any of the others, hereby is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including, but not limited to (i) the engagement or retention of such further accountants, counsel, consultants or advisors; (ii) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required; (iii) the execution, delivery and filing (if applicable) of any of the foregoing; and (iv) the payment of all fees, consent payments, taxes and other expenses; all of the foregoing, as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, with all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person or any director of ManaAir in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

**IN WITNESS WHEREOF**, the undersigned directors have executed this consent on the dates set forth below.

______________________________
Subodh Karnik
Date: August 19, 2022

______________________________
Bethann Frillman
Date: August 19, 2022

______________________________
Richard Meyer
Date: August 19, 2022

**IN WITNESS WHEREOF**, the undersigned directors have executed this consent on the dates set forth below.

______________________________
Subodh Karnik
Date: August 19, 2022

______________________________
Bethann Frillman
Date: August 19, 2022

______________________________
Richard Meyer
Date: August 19, 2022

**Fill in this information to identify the case and this filing:**

Debtor Name ExpressJet Airlines LLC

United States Bankruptcy Court for the: ____________ District of Delaware (State)

Case number (*If known*): ____________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08 / 23 / 2022
MM / DD / YYYY

✘ /s/ John Greenlee
Signature of individual signing on behalf of debtor

John Greenlee
Printed name

President
Position or relationship to debtor