# Exhibit A

# Proposed Interim Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>**EXPRESSJET AIRLINES LLC,**<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-10787 (MFW)<br><br>**Re: D.I. ___** |

**INTERIM ORDER (I) APPROVING DEBTOR'S KEY EMPLOYEE RETENTION PLAN, (II) GRANTING ADMINISTRATIVE EXPENSE PRIORITY STATUS TO ALL PAYMENTS TO BE MADE BY THE DEBTOR PURSUANT THERETO AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an interim order (this "Interim Order") and final order pursuant to sections 105(a), 363, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 6003(b) and 6004, (i) approving the KERP and authorizing the payments thereunder; (ii) granting administrative expense priority status to all payments to be made by the Debtor pursuant to the KERP; and (iii) granting related relief, all as further described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and

---

1    The last four digits of the Debtor's federal EIN are 4495.  The Debtor's mailing address is 1745 Phoenix Boulevard, Suite 250, College Park, GA 30349.

2    All capitalized terms used but not defined herein are defined in the Motion.

appropriate under the particular circumstances; and upon the record of any hearing being held to consider the relief requested in the Motion; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED as provided herein.

2. The Debtor is authorized, pursuant to sections 363 and 503 of the Bankruptcy Code, to take all actions necessary to implement the KERP on the terms and conditions set forth in the Motion, including making any payments pursuant to the terms of the KERP, *provided, however*, that the aggregate amounts paid under the KERP will not exceed $12,000 per day through August 31, 2022, and then will not exceed $5,500 per day through the later of (a) entry of a final order approving the Motion or (b) 21 days following the Petition Date.

3. All amounts earned and payable under the KERP shall be entitled to administrative expense priority under sections 503(b) and 507(a)(2) of the Bankruptcy Code for all purposes in this chapter 11 case and in any other case under the Bankruptcy Code to which this chapter 11 case may be converted.

4. Responses or objections to the Motion and entry of a final order with respect to the Motion must: (a) be made in writing; (b) state with particularity the grounds therefor; (c) conform to the Bankruptcy Rules and the Local Rules; and (d) be served upon (i) proposed counsel to the Debtor, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, Delaware, 19801, Attn: Eric D. Schwartz (eschwartz@morrisnichols.com), Matthew B. Harvey

(mharvey@morrisnichols.com), Paige N. Topper (ptopper@morrisnichols.com); and (ii) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Wilmington, Delaware 19801, Attn: Timothy J. Fox, Jr. (timothy.fox@usdoj.gov) (the "Notice Parties").

5. The deadline by which responses or objections to the Motion and the final order must be filed and received by the Notice Parties is _____, 2022, at 4:00 p.m. (prevailing Eastern Time). A final hearing, if required, on the Motion will be held on _____, 2022, at _____ (prevailing Eastern Time). If no responses or objections are filed to the Motion and entry of this Interim Order on a final basis, the Court may enter a final order without further notice or a hearing.

6. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Interim Order.

7. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm.

8. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

9. In the event of any inconsistencies between the KERP, the Motion, and this Order, the terms of this Order shall govern.

10. This Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Interim Order.