# **Exhibit B**

Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **EXPRESSJET AIRLINES LLC**, | Case No. 22-10787 (MFW) |
| Debtor.[1] | **Re: D.I. \_\_\_** |

**FINAL ORDER (I) APPROVING DEBTOR'S KEY EMPLOYEE RETENTION PLAN, (II) GRANTING ADMINISTRATIVE EXPENSE PRIORITY STATUS TO ALL PAYMENTS TO BE MADE BY THE DEBTOR PURSUANT THERETO AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an interim order (the "Interim Order") and a final order (this "Final Order") pursuant to sections 105(a), 363, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 6003(b) and 6004, (i) approving the KERP and authorizing the payments thereunder; (ii) granting administrative expense priority status to all payments to be made by the Debtor pursuant to the KERP; and (iii) granting related relief, all as further described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and the Court having previously entered the

---

1     The last four digits of the Debtor's federal EIN are 4495. The Debtor's mailing address is 1745 Phoenix Boulevard, Suite 250, College Park, GA 30349.

2     All capitalized terms used but not defined herein are defined in the Motion.

Interim Order; and upon consideration of the First Day Declaration and the KERP Declaration; and upon the record of any hearing being held to consider the relief requested in the Motion; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED as provided herein.

2. The KERP as described in the Motion and KERP Declaration is approved in its entirety.

3. The Debtor is authorized, pursuant to sections 363 and 503 of the Bankruptcy Code, to take all actions necessary to implement the KERP on the terms and conditions set forth in the Motion, including making any payments pursuant to the terms of the KERP, not to exceed $450,000 on a final basis.

4. All amounts earned and payable under the KERP shall be entitled to administrative expense priority under sections 503(b) and 507(a)(2) of the Bankruptcy Code for all purposes in this chapter 11 case and in any other case under the Bankruptcy Code to which this chapter 11 case may be converted.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 9014, or otherwise, this Final Order shall be immediately effective and enforceable upon its entry.

7. In the event of any inconsistencies between the KERP, the Motion, and this Order, the terms of this Order shall govern.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.