# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **EXPRESSJET AIRLINES LLC,** | Case No. 22-10787 (MFW) |
| Debtor.[1] | |
| | **Re: D.I. 8** |

## INTERIM ORDER (I) AUTHORIZING DEBTOR TO MAINTAIN COMPENSATION PRACTICES AND BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (this "Interim Order") and final order pursuant to sections 105(a), 363, 507 and 541 of the Bankruptcy Code, Bankruptcy Rules 6003(b) and 6004 and Local Rule 9013-1(m): (i) authorizing the Debtor to (a) pay certain Workforce Obligations and Benefits Obligations and (b) maintain Compensation and Benefits Programs, and (ii) granting related relief, all as more fully described in the Motion; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided under the circumstances; and it appearing that the relief requested by this Motion is in the best interest of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

---

[1]  The last four digits of the Debtor's federal EIN are 4495. The Debtor's mailing address is 1745 Phoenix Boulevard, Suite 250, College Park, GA 30349.

[2]  Capitalized terms used but not defined herein are defined in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized, but not directed, to pay and honor all prepetition obligations, including processing and administrative fees, on account of (a) the Workforce Obligations owed collectively to Terminated and Current Employees and (b) Benefits Obligations owed to Current Employees, in amounts not to exceed $485,000 in the aggregate on an interim basis.

3. The Debtor is authorized, but not directed, to pay any prepetition Workforce Obligations, including processing and administrative fees, to the Terminated Employees; provided, however, that any payment paid to a Terminated Employee on account of prepetition Workforce Obligations that would be entitled to priority status under section 507(a)(4) of the Bankruptcy Code, as authorized by this Order, shall be applied against and reduce the statutory priority cap of $15,150 for the Terminated Employee.

4. The Debtor is authorized, but not directed, to pay any prepetition Workforce Obligations or Benefits Obligations, including processing and administrative fees, to the Current Employees; provided, however, that any payment paid to a Current Employee on account of prepetition Workforce Obligations and Benefits Obligations that would be entitled to priority status under section 507(a)(4) and 507(a)(5) of the Bankruptcy Code, as authorized by this Order, shall be applied against and reduce the statutory priority cap of $15,150 for the Current Employee.

5. The Debtor and any applicable third parties are authorized to continue to allocate and distribute Withholding Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtor's stated policies and prepetition practices.

6. The Debtor is authorized, but not directed, to (i) continue to administer the Compensation and Benefits Programs and (ii) continue to fund and to make payments in connection with the costs and expenses incurred in connection with its Workforce Obligations and Benefits Obligations in the ordinary course of business, including paying obligations related to Compensation Obligations as they come due.

7. Subject to the requirements of this Interim Order, the Debtor is authorized, but not directed, to modify, change, or discontinue any of the Compensation and Benefits Programs, or to implement new programs, policies, and benefits during the pendency of this chapter 11 case in its discretion without the need for further Court approval; provided, however, that the Debtor shall seek Court approval, on notice, of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code.

8. All banks and other financial institutions are hereby directed to receive, process, honor, and pay any and all checks presented for payment and electronic transfer requests made by the Debtor related to the payment of the obligations described in the Motion and approved herein, whether such checks were presented or such electronic transfer requests were submitted before, or are presented or submitted after, the Petition Date. All such banks and financial institutions are further directed to rely on the Debtor's designation of any particular check or electronic payment request as approved pursuant to this Interim Order.

9. Nothing in the Motion or in this Interim Order is intended or should be construed as (a) an admission as to the validity or priority of any claim against the Debtor, (b) a waiver of the Debtor's rights to dispute any claim, including the validity or priority thereof or (c) an approval or assumption of any agreement, contract or lease whether under section 365(a) of the Bankruptcy Code or otherwise. Likewise, any payment made pursuant to this Interim Order is not

intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

10. Nothing herein shall be deemed to authorize any payments that are subject to section 503(c) of the Bankruptcy Code.

11. For the avoidance of doubt, and notwithstanding anything herein to the contrary, nothing herein shall authorize the Debtor to pay amounts (including interest and penalties) on account of late or past-due taxes.

12. Responses or objections to the Motion and entry of a final order with respect to the Motion must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) conform to the Bankruptcy Rules and the Local Rules; and (iv) be served upon (a) proposed counsel to the Debtor, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, Delaware, 19801, Attn: Eric D. Schwartz (eschwartz@morrisnichols.com), Matthew B. Harvey (mharvey@morrisnichols.com) and Paige N. Topper (ptopper@morrisnichols.com); and (b) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Wilmington, Delaware 19801, Attn: Timothy J. Fox, Jr. (timothy.fox@usdoj.gov) (the "Notice Parties").

13. The deadline by which objections to the Motion and the final order must be filed and received by the Notice Parties is **September 8, 2022**, at **4:00 p.m.** (prevailing Eastern Time). A final hearing, if required, on the Motion will be held on **September 15, 2022**, at **10:00 a.m.** (prevailing Eastern Time). If no objections are filed to the Motion and entry of this Interim Order on a final basis, the Court may enter a final order without further notice or a hearing.

14. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Interim Order.

15. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm.

16. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

17. This Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Interim Order.

Dated: August 24th, 2022  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

5