# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **EXPRESSJET AIRLINES LLC**, | Case No. 22-10787 (MFW) |
| Debtor.[1] | **Re: D.I. 4** |

### INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION TAXES AND FEES, (II) AUTHORIZING BANKS AND FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED THERETO, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (this "Interim Order") and final order pursuant to sections 105(a), 363(b), 507(a)(8) and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004 and Local Rule 9013-1(m): (i) authorizing, but not directing, the Debtor to pay prepetition amounts owing in respect of certain prepetition taxes and fees; and (ii) authorizing all banks and other financial institutions to honor, to the extent of available funds, all checks and other fund transfers authorized pursuant to the Motion, whether such checks or other fund transfers are issued or presented prior to or after the Petition Date; and (iii) granting related relief, all as more fully described in the Motion; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided under the circumstances; and it appearing that the relief

---

[1] The last four digits of the Debtor's federal EIN are 4495. The Debtor's mailing address is 1745 Phoenix Boulevard, Suite 250, College Park, GA 30349.

[2] Capitalized terms used but not defined herein are defined in the Motion.

requested by the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized, but not directed, in the ordinary course of business as such obligations become due, to pay the Taxes and Fees arising prior to the Petition Date, including any Taxes and Fees subsequently determined, upon audit or otherwise, to be owed, in an aggregate amount not to exceed $182,000 on an interim basis.

3. Banks and other financial institutions are hereby authorized and required to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtor under this Interim Order whether presented prior to or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. Such banks and financial institutions are authorized to rely on the representations of the Debtor as to which checks are issued or authorized to be paid pursuant to this Interim Order.

4. To the extent the Debtor has not yet sought to remit payment to the Taxing Authorities, the Debtor is authorized to issue checks or provide for other means of payment to the Taxing Authorities, to the extent necessary to pay the Taxes and Fees.

5. Nothing in the Motion or in this Interim Order is intended or should be construed as: (i) an admission as to the validity or priority of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim, including the validity or priority thereof; or (iii) an approval or assumption of any agreement, contract or lease whether under section 365(a) of the Bankruptcy Code or otherwise. Likewise, any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

6. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

7. Responses or objections to the Motion and entry of a final order with respect to the Motion must: (a) be made in writing; (b) state with particularity the grounds therefor; (c) conform to the Bankruptcy Rules and the Local Rules; and (d) be served upon (i) proposed counsel to the Debtor, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, Delaware, 19801, Attn: Eric D. Schwartz (eschwartz@morrisnichols.com), Matthew B. Harvey (mharvey@morrisnichols.com), Paige N. Topper (ptopper@morrisnichols.com); and (ii) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Wilmington, Delaware 19801, Attn: Timothy J. Fox, Jr. (timothy.fox@usdoj.gov) (the "<u>Notice Parties</u>").

8. The deadline by which responses or objections to the Motion and the final order must be filed and received by the Notice Parties is **September 8, 2022**, at **4:00 p.m.** (prevailing Eastern Time). A final hearing, if required, on the Motion will be held on **September 15, 2022**, at **10:00 a.m.** (prevailing Eastern Time). If no responses or objections are filed to the Motion and entry of this Interim Order on a final basis, the Court may enter a final order without further notice or a hearing.

9. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Interim Order.

10. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm.

11. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

12. This Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Interim Order.

13. Nothing in this Interim Order authorizes the Debtor to remit any "catch-up" payments, late penalties or similar fees to any of the Taxing Authorities.

Dated: August 24th, 2022  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE