**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| | : | |
| **EXPRESSJET AIRLINES LLC,** | : | Case No. 22-10787 (MFW) |
| | : | |
| | : | **Re: D.I. 11** |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR
ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING DEBTOR'S KEY
EMPLOYEE RETENTION PLAN, (II) GRANTING ADMINISTRATIVE EXPENSE
PRIORITY STATUS TO ALL PAYMENTS TO BE MADE BY THE DEBTOR
PURSUANT THERETO AND (III) GRANTING RELATED RELIEF**

In support of his *Limited Objection to the Debtor's Motion* (the "Motion") *for Entry of Interim and Final Orders (I) Approving Debtor's Key Employee Retention Plan* (the "KERP")*, (II) Granting Administrative Expense Priority Status to All Payments to be Made by the Debtor Pursuant Thereto and (III) Granting Related Relief* (D.I. 12),[1] Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his counsel, respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      The U.S. Trustee objects to the Motion because the Debtor seeks approval to pay retention bonuses to certain participants who appear to be officers and insiders without meeting the strict evidentiary standards required by 11 U.S.C. § 503.  While the Motion papers and KERP filed by the Debtor identify the participants at issue as "non-insiders," the Debtor has not carried its burden to establish the participants as non-insiders based upon the material currently in the

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning and context as those capitalized terms included in the referenced or cited document or pleading.

record.

## STANDING

2.      Section 307 of the Bankruptcy Code confers upon the U.S. Trustee the broad right to raise, appear and be heard on any issue in any case or proceeding under title 11. 11 U.S.C. § 307. The U.S. Trustee is not required to demonstrate any pecuniary or other interest. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (Congress was cognizant that the U.S. Trustee would have no pecuniary interest when it enacted Section 307 and conferred standing based upon traditional notions of public interest standing).

## BACKGROUND AND FACTS

3.      On August 23, 2022, the Debtor filed the voluntary petition for relief which initiated the above-captioned case.

4.      The Debtor has continued in possession of its property and is operating and managing its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.      The U.S. Trustee disseminated solicitation materials for an official committee of unsecured creditors on August 23, 2022, setting a response deadline of August 30, 2022 at 4:00 p.m. ET.  No Committee has been formed as of the date of this objection.

6.      On August 23, 2022, the Debtor filed the Motion at D.I. 11.  Contemporaneously, the Debtor also filed a motion to shorten notice which sought to have the Motion heard on an interim basis on August 26, 2022.  The Debtor also filed the *Declaration of John Greenlee in Support of Debtor's Motions for Entry of (A) Interim and Final Orders (I) Approving Debtor's*

*Key Employee Retention Program (II) Granting Administrative Expense Priority Status to All Payments to be Made by the Debtor Pursuant Thereto and (III) Granting Related Relief, and (B) Shortening Time for Notice Thereof* (the "Greenlee KERP Declaration") on August 23, 2022. D.I. 13.

7.     The Court granted the Motion to Shorten during the First Day Hearing held August 24, 2022, setting an interim hearing on the KERP for August 26, 2022.

8.     The Greenlee KERP Declaration asserts that the participants are "non-insider" employees, however, the Exhibit identifying job titles includes participants with titles including "director," "VP," and "Chief Information Officer."  *See* D.I. 13 at ¶¶ 15 & 23, Ex. A.

## OBJECTION

9.     Congress added Section 503(c) to the Bankruptcy Code as one of the BAPCPA amendments in 2005, to "eradicate the notion that executives were entitled to bonuses simply for staying with the Company through the bankruptcy process." *In re Global Home Prods., LLC,* 369 B.R. 778, 783-84 (Bankr. D. Del. 2007).  The intent of Section 503(c) is to "limit the scope of 'key employee retention plans' and other programs providing incentives to management of the debtor as a means of inducing management to remain employed by the debtor." 4 Alan N. Resnick & Henry J. Sommer (eds.), COLLIER ON BANKRUPTCY ¶ 503.17 (15th ed. rev. 2007); *see also In re Foothills Texas, Inc.,* 408 B.R. 573, 577 (Bankr. D. Del. 2009).  By enacting the BAPCPA, Congress put into place "a set of challenging standards" and "high hurdles" for debtors to overcome before retention bonuses could be paid. *In re Mesa Air Grp., Inc.*, Case No. 10-10018 (MG), 2010 WL 3810899, *2 (Bankr. S.D.N.Y. Sept. 24, 2010) (citations omitted).

10.     Information contained in the Greenlee KERP Declaration indicates that some of the potential participants may be classified as insiders, making bonus payments to those participants

inappropriate absent compliance with Section 503(c)(1). *In re Dana Corp.*, 351 B.R. 96, 102 (Bankr. S.D.N.Y. 2006) ("*Dana I*"); 11 U.S.C. § 503(c)(1). Aside from the assertions in the Greenlee KERP Declaration that all of the participants are non-insiders, there is not adequate evidence to establish that participants with titles reflecting officers and directors are not insiders who can receive a retention bonus without satisfying the challenging standards and high hurdles of Section 503(c).

11.    Where Section 503(c)(1) applies, the transfer cannot be justified solely on the debtor's business judgment. *See In re Borders Grp., Inc.*, 453 B.R. 459, 470-71 (Bankr. S.D.N.Y. 2011). If a proposed transfer falls within Section 503(c)(1), then the business judgment rule does not apply, irrespective of whether a sound business purpose may actually exist. *Id.*; *Dana I*, 351 B.R. at 100; 11 U.S.C. § 503(c)(1).

WHEREFORE, the U.S. Trustee respectfully requests that the requests that the Court deny the Motion to the extent the Debtor does not establish all KERP participants are "non-insiders" and grant such other relief as may be appropriate and just.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**

By: */s/ Timothy J. Fox*
     Timothy J. Fox, Jr. (DE Bar No. 6737)
     Trial Attorney
     U.S. Department of Justice
     Office of the U.S. Trustee
     J. Caleb Boggs Federal Building
     844 N. King Street, Room 2207, Lockbox 35
     Wilmington, DE 19801
     (302) 573-6491 (Tel.)
Dated: August 25, 2022       (302) 573-6497 (Fax)
     Email: timothy.fox@usdoj.gov