# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**EXPRESSJET AIRLINES LLC,**<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-10787 (MFW)<br><br>Re: D.I. 39 |

## SUPPLEMENTAL INTERIM ORDER AUTHORIZING THE DEBTOR TO PAY WORKFORCE OBLIGATIONS TO INDEPENDENT CONTRACTORS

Upon consideration of the supplement (the "Supplement")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of this supplemental interim order (this "Order") pursuant to sections 105(a), 363, 507 and 541 of the Bankruptcy Code, Bankruptcy Rules 6003(b) and 6004 and Local Rule 9013-1(m): authorizing the Debtor to (i) pay $1,500 in prepetition Compensation Obligations to Independent Contractors in the regular payroll cycle; (ii) pay $100 in prepetition Payroll Processing Fees; and (iii) continue to honor its Workforce Obligations to the Independent Contractors postpetition, to the extent applicable, in the ordinary course, all as more fully explained in the Supplement; and due and sufficient notice of the Supplement having been given under the circumstance; and it appearing that no other or further notice need be provided under the circumstance; and it appearing that the relief requested by the

---

[1] The last four digits of the Debtor's federal EIN are 4495. The Debtor's mailing address is 1745 Phoenix Boulevard, Suite 250, College Park, GA 30349.

[2] All capitalized terms used but not defined herein are defined in the Supplement.

Supplement is in the best interest of the Debtor, its estate, its creditors, and other parties in interest; and after the due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Supplement is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized, but not directed, to (i) pay $1,500 in prepetition Compensation Obligations to Independent Contractors in the regular payroll cycle; (ii) pay $100 in prepetition Payroll Processing Fees on account of the payroll processed for Independent Contractors; and (iii) continue to honor its Workforce Obligations to the Independent Contractors postpetition, to the extent applicable.

3. All banks and other financial institutions are hereby directed to receive, process, honor, and pay any and all checks presented for payment and electronic transfer requests made by the Debtor related to the payment of the obligations described in the Supplement and approved herein, whether such checks were presented or such electronic transfer requests were submitted before, or are presented or submitted after, the Petition Date. All such banks and financial institutions are further directed to rely on the Debtor's designation of any particular check or electronic payment request as approved pursuant to this Interim Order.

4. The terms of the Interim Wages Order also govern the relief granted herein, to the extent applicable.

5. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

6. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm.

7.  Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

8.  This Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Order.

Dated: August 26th, 2022  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE