# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **EXPRESSJET AIRLINES LLC,** | Case No. 22-10787 (MFW) |
| Debtor.[1] | **Re: D.I. 55 & 115** |

## ORDER APPROVING PROCEDURES FOR THE SALE OF
## *DE MINIMIS* ASSETS FREE AND CLEAR OF LIENS,
## CLAIMS, INTERESTS, AND ENCUMBRANCES

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), for authorization to establish procedures (the "Sale Procedures") pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rule 6004, and Local Rule 6004-1, for the sale of certain *de minimis* assets, including, but not limited to, those assets described in the Motion, for a Sale Price of $500,000 or less free and clear of liens, claims, interests, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having authority to hear the Motion pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and

---

[1] The last four digits of the Debtor's federal EIN are 4495. The Debtor's mailing address is 1745 Phoenix Boulevard, Suite 250, College Park, GA 30349.

[2] Capitalized terms used but not defined herein are defined in the Motion.

the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED as set forth herein.

2. The Sale Procedures, as described in the Motion, are hereby approved and may be implemented by the Debtor in the chapter 11 case, specifically:

- <u>Sale Price Less than or Equal to $500,000 or Sale to Insider</u>.  If the Sale Price for each asset is less than or equal to $500,000 or the sale is to an insider, as defined in section 101(31) of the Bankruptcy Code, the following Sale Procedures shall apply:

    (a) The Debtor shall file a notice with the Court specifying (i) the applicable asset(s) to be sold, (ii) the identity of the purchaser, (iii) any commissions to be paid to third parties (such as brokers), and (iv) the Sale Price. The Debtor shall serve the Sale Notice on the following parties: (a) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street Suite 2207 Lockbox 35, Wilmington, Delaware 19801; (b) counsel to any statutory committee appointed in this chapter 11 case; and (c) any person or entity with a particularized interest in the asset(s) to be sold (collectively, the "<u>Notice Parties</u>").

    (b) Parties will have five (5) days after the service of a Sale Notice (the "<u>Sale Objection Deadline</u>") to object (each, an "<u>Objection</u>") to a proposed sale of assets. After the expiration of the Sale Objection Deadline, the Debtor may immediately sell the asset(s) listed in the Sale Notice and take any actions and execute any agreements or other documentation that are necessary or desirable to close the transaction and obtain the sale proceeds.

    (c) If any party in interest wishes to object to a proposed sale of assets, such party must (i) file a written Objection with the Court on or before the Sale Objection Deadline and (ii) serve the Objection on the Debtor and each of the other Notice Parties so that it is actually received by such parties on or before the Sale Objection Deadline. Any such Objection shall identify, with specificity, the basis for such Objection. If an Objection is timely received and filed and cannot be resolved by the Debtor and the objecting party, the assets that are the subject of the Objection will not be sold except upon order of the Court; *provided*, *however*, that any Asset set forth in the Sale Notice that is not

the subject of an Objection may be immediately sold in accordance with paragraph (ii).

- <u>Sale Price Greater than $500,000</u>.  If the Sale Price for the sale of any asset is greater than $500,000, the Debtor shall file a motion with the Court requesting approval of the sale.

3. Local Rule 6004-1 is hereby waived with respect to any sale of assets undertaken pursuant to the Sale Procedures.

4. For purposes of the Sale Procedures, the net benefit estimated to be realized by the Debtor's estate shall constitute the "<u>Sale Price</u>."  The net benefit is the amount of cash consideration or fair market value of non-cash consideration estimated to be received by the Debtor, <u>plus</u> the amount of any liabilities to be assumed by the purchaser (to the extent quantifiable or reasonably estimable), <u>less</u> expenses to be incurred in connection with the sale, offsets, or other deductions (to the extent quantifiable or reasonably estimable).  The Sale Price shall be determined without consideration as to whether the property for sale is free and clear of all liens, claims, interests, and encumbrances.

5. The Debtor shall be permitted to compensate any broker engaged by the Debtor in connection with any sale or attempted sale of assets; *provided, however,* that if an Objection to the payment of any broker's fees is timely received and filed by the Sale Objection Deadline (if applicable), then the portion of such broker's fees to which the Objection is directed shall not be paid until such Objection is consensually resolved or until the Court approves such payment.

6. The Sale Procedures satisfy section 363(f) of the Bankruptcy Code and assets sold pursuant to the Sale Procedures shall be free and clear of all liens, claims, interests, and encumbrances.

7. Any holder of a lien, claim, interest, or encumbrance on any asset(s) with a Sale Price less than or equal to $500,000, will receive a Sale Notice and will have an opportunity to

object to any sale in which they claim an interest. If a holder of a lien, claim, interest, or encumbrance receives the Sale Notice and does not object within the prescribed time period, then such holder will be deemed to have consented to the proposed sale and the property may then be sold free and clear of the holder's interests pursuant to section 363(f) of the Bankruptcy Code, with any such liens, claims, interests, or encumbrances to be satisfied from the proceeds of the sale.

8. Those who purchase assets in accordance with the Procedures shall be afforded the protections under section 363(m) of the Bankruptcy Code.

9. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

10. The Debtor is authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

11. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: September 16th, 2022  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE