**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>**EXPRESSJET AIRLINES LLC,**<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-10787 (MFW)<br><br>**Re: D.I. 134** |

**ORDER (I) ESTABLISHING CERTAIN BAR DATES FOR FILING PREPETITION CLAIMS AND ADMINISTRATIVE EXPENSE CLAIMS, AND (II) GRANTING RELATED RELIEF, INCLUDING NOTICE AND FILING PROCEDURES**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an order (this "Order"), pursuant to sections 501, 502 and 503 of the Bankruptcy Code, Bankruptcy Rules 2002, 3002 and 3003, and Local Rules 2002-1(e) and 3003-1: (i) establishing certain bar dates for filing prepetition claims and administrative expense claims in this chapter 11 case and (ii) granting related relief, including approving the form and manner of notice thereof; and notice of this Motion having been due and sufficient under the circumstances; and after any hearing and upon the record in this chapter 11 case; and after due deliberation; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

    1. The Motion is **GRANTED**, as set forth herein.

    2. Unless otherwise provided herein, the following Bar Dates are hereby established in this chapter 11 case:

        1. 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days from service of the Bar Date Notice as the deadline (the "General Bar Date") for each person or entity, other than a governmental unit,

---

[1] The last four digits of the Debtor's federal EIN are 4495. The Debtor's mailing address is 1745 Phoenix Boulevard, Suite 250, College Park, GA 30349.

[2] Capitalized terms not defined herein are defined in the Motion.

       to file a proof of claim in respect of any prepetition claim against the Debtor, including, without limitation, any secured claim, unsecured claim, priority claim, or claim asserted under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtor within 20 days before the Petition Date, unless otherwise provided in this Order;

2. 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days from service of the Bar Date Notice as the deadline (the "Administrative Claim Bar Date") for each person or entity to file a request to allow any unpaid administrative expense claim (each, an "Administrative Claim") against the Debtor arising on or after the Petition Date and through and including the date of the service of the Bar Date Notice, unless otherwise provided in this Order;

3. February 21, 2023, as the deadline (the "Government Bar Date") by which a governmental unit must file a proof of claim in respect of a prepetition claim against the Debtor;

4. the later of (i) the General Bar Date or the Government Bar Date (if applicable) and (ii) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following service of an order approving rejection of an executory contract or unexpired lease of the Debtor as the deadline by which an entity asserting a claim for damages against the Debtor arising from such rejection must file a proof of claim on account of such damages; and

5. the later of (i) the General Bar Date or the Government Bar Date (if applicable) and (ii) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following service of notice of an amendment to the Debtor's Schedules as the deadline (the "Amended Schedule Bar Date") for an entity whose claim is affected by such amendment to file, amend, or supplement a proof of claim with respect to such claim.

      3.      The Claim Form, substantially in the form attached hereto as **Exhibit 1**, the Bar Date Notice, substantially in the form attached hereto as **Exhibit 2**, and the form of publication notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 3**, are each hereby approved.

**Who Must File a Proof of Claim**

4. Except as otherwise set forth herein, the following persons or entities asserting claims against the Debtor arising, or deemed to arise, before the Petition Date are required to file proofs of claim by the applicable Bar Date (regardless of whether such claims are secured or unsecured, priority or nonpriority, or otherwise) if such persons or entities wish to be treated as creditors with respect to such claims for the purposes of voting and distribution in this case:

1. any person or entity whose claim is not listed on the Debtor's Schedules;

2. any person or entity whose claim is listed on the Debtor's Schedules as contingent, unliquidated or disputed;

3. any person or entity whose claim is improperly classified on the Debtor's Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount than identified in the applicable Schedules;

4. any person or entity who believes that its claim against the Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtor within 20 days before the Petition Date;

5. any person or entity who asserts a claim arising from the rejection of an executory contract or unexpired lease of the Debtor and has not previously filed any such claim;

6. any person or entity who asserts a claim against the Debtor arising from or relating to the purchase or sale of any security of the Debtor, including, without limitation, any equity security; and

7. any person or entity who asserts a claim arising from or relating to pending or threatened litigation against the Debtor.

**Who is Not Required to File a Proof of Claim**

5. The following persons or entities holding prepetition claims against the Debtor shall not be required to file proofs of claim:

1. any person or entity whose claim is listed on the Schedules, if (i) the claim is not listed as contingent, unliquidated or disputed and (ii) the

person or entity does not disagree with the amount, nature or priority of the claim as identified on the Schedules;

2. any person or entity who has already filed with Epiq or with the Clerk of Court a signed proof of claim against the Debtor utilizing Official Form B410 or a claim form that substantially conforms to such official form, including by providing all of the information required by such form and the procedures set forth herein;

3. any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

4. any person or entity whose claim has been paid in full in accordance with an order of the Court entered on or before the applicable Bar Date;

5. any person or entity whose claim is based solely on owning an equity security in the Debtor;

6. any director, officer or employee of the Debtor who served in such capacity at any time after the Petition Date for claims based on indemnification, contribution or reimbursement;

7. any contract or lease counterparty whose contract or lease has been assumed or assumed and assigned by the Debtor; and

8. any entity whose claim is solely against any of the Debtor's non-debtor affiliates.

**Requirements and Procedures for Filing a Proof of Claim**

6. The following procedures and requirements with respect to preparing and filing proofs of claim are hereby established:

   a. proofs of claim must be submitted on the Claim Form or Official Form B410, or substantially conform to such official form; and

   b. proofs of claim must be written in the English language, denominated in U.S. dollars, specify the name and case number of the Debtor against whom the claim is asserted, set forth the legal and factual bases for the claim, include supporting documentation or an explanation for why supporting documentation is not available, and be signed under penalty of perjury by the claimant or the claimant's attorney or authorized agent.

   c. <u>Electronic proofs of claim</u>.  A proof of claim may be filed electronically at https://dm.epiq11.com/expressjet using the

interface available after clicking the link entitled "File a Claim". A claim must be submitted **so as to be actually received** on or before the applicable Bar Date.

d. <u>Hardcopy proofs of claim</u>. An original, signed copy of the proof of claim must be sent **so as to be actually received** on or before the applicable Bar Date as follows:

> <u>If by First-Class Mail:</u>
> ExpressJet Airlines LLC
> Claims Processing Center
> c/o Epiq Corporate Restructuring LLC
> P.O. Box 4420
> Beaverton, OR 97076-4420
>
> <u>If by Hand Delivery or Overnight Mail:</u>
> ExpressJet Airlines LLC
> Claims Processing Center
> c/o Epiq Corporate Restructuring LLC
> 10300 SW Allen Blvd.
> Beaverton, OR 97005

e. <u>Other methods not accepted</u>. Proofs of claim sent by means other than as described above, including by means of email or fax, will not be accepted.

7. The Debtor, with assistance from Epiq, will provide each creditor listed on the Debtor's Schedules with a personalized Claim Form indicating how the creditor's claim is reflected on the Schedules, including: (i) the amount of the scheduled claim, if any; (ii) whether the claim is contingent, unliquidated, or disputed; and (iii) whether the claim is listed as secured, unsecured priority, or unsecured nonpriority.

**Who Must File a Request for Allowance of an Administrative Claim**

8. Except as otherwise provided herein, any person or entity who holds an unpaid Administrative Claim against the Debtor arising on or after the Petition Date and through and including the date of the service of the Bar Date Notice shall be required to file a request for allowance of such Administrative Claim by the Administrative Claim Bar Date.

**Who is Not Required to File a Request for Allowance of an Administrative Claim**

9. The following persons or entities shall not be required to file a request for allowance of an Administrative Claim by the Administrative Claim Bar Date:

 1. any person or entity whose administrative expense arising on or after the Petition Date and through and including the date of the service of the Bar Date Notice has been paid in full on or prior to the Administrative Claim Bar Date;

 2. any person or entity whose administrative expense arising on or after the Petition Date and through and including the date of the service of the Bar Date Notice has been allowed by Court order entered on or prior to the Administrative Claim Bar Date;

 3. any person or entity whose administrative expense arises after service of the Bar Date Notice;

 4. any professional retained by the Debtor or any official committee appointed in this case pursuant to Court order for fees or expenses incurred under such retention order;

 5. any claims for fees payable to the Clerk of the Court; and

 6. any claims for fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930(a)(c).

**Requirements and Procedures for Filing a Request for Allowance of an Administrative Claim**

10. The following requirements and procedures for filing a request for allowance of an Administrative Claim are hereby established:

 1. any request for allowance of an Administrative Claim must contain and be filed under the case caption and on the docket of this case either by electronic filing through CM/ECF by the Administrative Claim Bar Date, or, if filed other than by CM/ECF, be filed sufficiently in advance so as to actually appear on the Court's docket by the Administrative Claim Bar Date; and

 2. any request for allowance of an Administrative Claim must be written in the English language, denominated in U.S. dollars, specify the name and case number of the Debtor against whom the claim is asserted, set forth the legal and factual bases for the claim, include supporting documentation or an explanation for why

supporting documentation is not available, and be signed under penalty of perjury by the claimant or the claimant's attorney or authorized agent.

**Consequences of Failure to File a Proof of Claim or Administrative Claim**

11. Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a prepetition claim or an Administrative Claim who is required to file but fails to file such claim in accordance with the foregoing requirements and procedures before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in this case.

**Actual Notice of the Bar Dates to Known Potential Creditors**

12. Pursuant to Bankruptcy Rule 2002(a)(7), (f), and (p), the Debtor shall provide the Bar Date Notice Package to the following potential creditors and other parties in interest, wherever located:

1. the Office of the U.S. Trustee;

2. the parties included on the Debtor's list of twenty (20) largest unsecured creditors;

3. all known creditors and other known holders of potential claims against the Debtor or its estate;

4. all parties who have filed claims in this case, including administrative expense claims, as of the date of entry of the Bar Date Order;

5. all counterparties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated by a counterparty pursuant to the terms of the contract or lease;

6. all parties who have filed a request for notice in this case pursuant to Bankruptcy Rule 2002 as of the date of entry of the Bar Date Order;

7. all parties who have otherwise filed a document in this case and are identified on the Court's electronic docket as of the date of entry of the Bar Date Order;

8. all current employees of the Debtor and former employees of the Debtor who left the Debtor's employ within one year prior to the

Petition Date or at any time following the Petition Date through the date of entry of the Bar Date Order;

9. all taxing authorities for jurisdictions in which the Debtor does business or did business within one year prior to the Petition Date;

10. all government agencies that regulate the Debtor's business;

11. the office of the attorney general for each state in which the Debtor is incorporated or maintained or conducted business within one year prior to the Petition Date;

12. all known lienholders;

13. all parties to litigation pending or threatened against the Debtor as of the date of entry of the Bar Date Order;

14. all providers of utility services to the Debtor, including past providers who provided service within one year of the Petition Date, to the extent available;

15. the Debtor's current insurance providers; the Debtor's past insurance providers under whose policies open claims remain pending; and the Debtor's past insurance providers who provided coverage within one year before the Petition Date, to the extent available, regardless of whether a claim is currently pending in respect of such coverage;

16. the Debtor's ordinary course professionals;

17. the Debtor's banks; and

18. all parties included on the creditor matrix.

**Publication Notice of the Bar Dates for Unknown Potential Creditors**

13. The Debtor shall publish the Bar Date Notice, in substantially the form attached hereto as **Exhibit 3**, in the national edition of the *USA Today*. The Debtor shall publish such notice at least 21 days prior to the General Bar Date.

8

**Additional Relief**

14. The Debtor and Epiq are authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order, including without limitation, paying of costs incurred in connection with noticing the Bar Dates.

15. The Bar Dates and related noticing procedures granted by this Order as provided herein are fair and reasonable and consistent with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and applicable law, and the noticing procedures are valid, constitutional and will provide good, sufficient and proper notice to bind all creditors and to inform them of their rights and obligations in connection with claims they may have against the Debtor in this case.

16. Nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defense to any claim reflected in the Schedules or otherwise.

17. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. The Debtor may make corrections, additions or deletions to the Bar Date Notice Package and the publication notice as appropriate, including to remove stale or non-pertinent information.

19. This Court shall retain jurisdiction over all matters arising out of or related to the Motion and this Order.

Dated: September 29th, 2022  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE