**<u>Exhibit B</u>**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **EXPRESSJET AIRLINES LLC,** | Case No. 22-10787 (MFW) |
| Debtor.[1] | Re: D.I. ~~__~~ **102 & 160** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS BANKRUPTCY COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtor and debtor in possession (the "Debtor") in this chapter 11 case, for entry of an order, pursuant to sections 327(a)~~, 328(a),~~ and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the retention and employment of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") as bankruptcy counsel to the Debtor *nunc pro tunc* to the Petition Date; and upon the Schwartz Declaration ~~and~~, the Greenlee Declaration, each as attached to the Application, *and the Supplemental Declaration of Eric D. Schwartz in Support of Debtor's Application for Entry of an Order Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Counsel for the Debtor Nunc Pro Tunc to the Petition Date* (D.I. 160) (the "Supplemental Schwartz Declaration"); and the Court being satisfied that Morris Nichols does not represent any interest adverse to the Debtor's estate, that Morris Nichols is a "disinterested person" within the meaning of section 101(14) of the

---

[1] The last four digits of the Debtor's federal EIN are 4495. The Debtor's mailing address is 1745 Phoenix Boulevard, Suite 250, College Park, GA 30349.

[2] Capitalized terms not defined herein are used as defined in the Application.

Bankruptcy Code and that the retention and employment of Morris Nichols is in the best interests of the Debtor and its estate; and the Court having jurisdiction over the Application pursuant to 28 U.S.C. § 157(b)(2)(A); and sufficient notice of the Application having been given under the circumstances; and the Court having determined that the relief requested in the Application is just and proper; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein and consistent with the Supplemental Schwartz Declaration.

2. The Debtor is authorized to retain and employ Morris Nichols as its attorneys in this chapter 11 case *nunc pro tunc* to the Petition Date.

3. In connection with this chapter 11 case, Morris Nichols shall be compensated for professional services at current hourly rates and reimbursed for expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules ~~and the~~, Local Rules, the U.S. Trustee Guidelines, and with any other applicable procedures and orders of this Court. ~~The fixed blended hourly rate set forth in the Engagement Agreement is approved under section 328 of the Bankruptcy Code.~~

4. Morris Nichols is authorized to hold the Advance Payment less any Final Billed Amount as security throughout the Debtor's bankruptcy case until Morris Nichols's final fees and expenses are awarded and payable to Morris Nichols pursuant to section 330 of the Bankruptcy Code, at which point Morris Nichols shall apply the Advance Payment to any unpaid allowed fees and expenses and return any unearned portion of the Advance Payment to the Debtors.

5. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

6. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.