**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **EXPRESSJET AIRLINES LLC,** | Case No. 22-10787 (MFW) |
| Debtor.¹ | **Re: D.I. ___** |

**ORDER (I) AUTHORIZING AND APPROVING (A) THE SALE OF THE DEBTOR'S INVENTORY AND AIRCRAFT PARTS TO PURCHASER FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND (B) THE ASSUMPTION AND ASSIGNMENT OF THE WAREHOUSE LEASE, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")² of the above-captioned debtor and debtor in possession (the "Debtor") seeking entry of an order, pursuant to sections 363 and 105(a) of the Bankruptcy Code, authorizing and approving (A) the sale of the Debtor's Inventory and Aircraft Parts to Purchaser Free and Clear of Liens, Claims, and Encumbrances and (B) the assumption and assignment of the Warehouse Lease; and the Court having reviewed and considered the McElvaney Declaration and the Greenlee Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given; and upon the record of the hearing to consider the Motion, if any;

---

¹ The last four digits of the Debtor's federal EIN are 4495. The Debtor's mailing address is P.O. Box 82392, 650 S. Central Ave., Atlanta, GA 30354.

² Capitalized terms used but not defined herein are defined in the Motion.

and it appearing that the relief requested by the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Asset Purchase Agreement, and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved in all respects.

3. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4. To the extent there is any conflict between this Order and the Asset Purchase Agreement, the terms of this Order shall govern.

5. The sale of the Assets pursuant to the Asset Purchase Agreement are and shall be deemed arm's-length transactions to a good faith purchaser, and the Purchaser shall be entitled to protections of section 363(m) of the Bankruptcy Code.

6. The consideration provided by the Purchaser for the Assets under the Asset Purchase Agreement shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code.

7. The Asset Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, *provided that* any such modifications, amendments, or supplements are not inconsistent with this Order.

8. The Sale shall be free and clear of all liens, claims, encumbrances, interests, and rights of set-off against the Debtor, its estate or the Assets, whether known or unknown, disputed, contingent, actual, or otherwise, arising prior to closing, because one or

more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. To the extent applicable, holders of any liens, claims, interests, or encumbrances that may exist are adequately protected by such liens, claims, interest, or encumbrances attaching to the proceeds of the sale of the Assets, as may be applicable, in the same order or priority, with the same validity, force and effect that such holder had prior to the Sale, subject to any claims and defenses the Debtor may possess with respect thereto. Any holders of liens, claims, interest, or encumbrances against the Assets who received notice of the Motion and did not object to the relief requested therein, as described in the notice of the Motion attached thereto, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

9. Pursuant to sections 105(a) and 365 of the Bankruptcy Code, and subject to and conditioned upon the closing of the Sale, the Debtor's assumption and assignment to the Purchaser, and the Purchaser's assumption on the terms set forth in the Asset Purchase Agreement, of the Warehouse Lease is hereby approved, and the requirements of section 365(b)(1) and 365(f)(2) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

10. The Debtor is authorized and empowered in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code to (i) assume and assign to the Purchaser, effective upon the closing date of the Sale, the Warehouse Lease free and clear of all liens, claims, interests, or liabilities to the fullest extent permitted by law (except as expressly provided in the Asset Purchase Agreement), and (ii) execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign and transfer the Warehouse Lease to the Purchaser.

11. The Warehouse Lease shall be transferred to, and remain in full force and effect for the benefit of, the Purchaser in accordance with its respective terms, notwithstanding

any provision in such Warehouse Lease (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, to the extent permitted by section 365(k) of the Bankruptcy Code, the Debtor shall be relieved from any further liability with respect to the Warehouse Lease after such assignment to and assumption by the Purchaser, except as provided in the Asset Purchase Agreement.

12. All defaults or other obligations of the Debtor under the Warehouse Lease arising or accruing prior to the closing date (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured on the closing date or as soon thereafter as reasonably practicable to the extent required by the Asset Purchase Agreement and this Order. Any provision in the Warehouse Lease that purports to declare a breach, default or payment right as a result of an assignment in respect of the Debtor is unenforceable, and the Warehouse Lease shall remain in full force and effect. No sections or provisions of the Warehouse Lease that purport to provide for additional payments, penalties, charges, or other financial accommodations in favor of the non-debtor party to the Warehouse Lease shall have any force and effect with respect to the assignments authorized by this Order, and such provisions constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code and no assignment of Warehouse Lease pursuant to the terms of the Asset Purchase Agreement shall in any respect constitute a default under the Warehouse Lease. The landlord to the Warehouse Lease shall be deemed to have consented to such assignment, and the Purchaser shall enjoy all of the applicable Debtor's rights and benefits under the Warehouse Lease as of the applicable date of assumption without the necessity of obtaining such landlord's written consent to the assumption or assignment thereof.

13. Upon the closing date and except for the contractual commitments of the Purchaser under the Asset Purchase Agreement, the Purchaser shall not be considered or deemed, as a result of any action taken in connection with the Sale, to be a mere continuation of the Debtor or its estate or a successor in interest of the Debtor or its estate for any purpose, including but not limited to under any federal, state, or local statute or common law. Without limiting the generality of the foregoing, and except as otherwise expressly provided herein or in the Asset Purchase Agreement, the Purchaser shall not be liable for any claims against the Debtor or any of its predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, whether known or unknown as of the closing date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, or whether liquidated or unliquidated.

14. Except as otherwise permitted by the Asset Purchase Agreement, all persons and entities, including, without limitation, all debt security holders, if any, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors, holding interests of any kind or nature whatsoever against, or in, all or any portion of the Assets, or the transfer of the Assets to the Purchaser, are hereby forever barred, estopped, and permanently enjoined from asserting against the Purchaser, or any of its affiliates, successors, or assigns, or their property or the Assets, such persons' or entities' interests in and to the Assets, including, without limitation, the following actions against the Purchaser or its affiliates, successors, assets, or properties: (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or other order; (c) creating, perfecting, or enforcing any lien or other claim; (d) asserting any set off, right or subrogation, or recoupment of any kind; (e) commencing or continuing any action, in any manner or place, that does not comply or is

inconsistent with the provisions of this Order or any other order of this Court, or the Asset Purchase Agreement or actions contemplated or taken in respect thereof; or (f) revoking, terminating, or failing or refusing to transfer or renew any license, permit, or authorization relating to the Assets.

15. Notwithstanding Bankruptcy Rule 6004(h) and 6006(d), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. The provisions of the Asset Purchase Agreement and this Order may be specifically enforced in accordance with the Asset Purchase Agreement notwithstanding the appointment of any chapter 11 trustee or the conversion of this case to one under chapter 7.

17. This Court shall retain jurisdiction with respect to all matters arising from tor related to the implementation of this Order.