## Exhibit B

**Executed Term Sheet**

*EXECUTION VERSION 10-20-2022*

## **Binding Term Sheet**

This term sheet (the "Term Sheet") is being entered into by and among the Seller (defined below) and Purchaser (defined below).  This Term Sheet contains a description of certain principal terms of an Asset Purchase Agreement (the "APA") to be entered into among the Parties for a sale by Seller, and purchase by Purchaser, of certain of the assets of Seller free and clear of all interests, claims, liens and encumbrances pursuant to section 363(f) of the Bankruptcy Code (the "Transaction").  To the extent that there are inconsistent terms between the APA and this Term Sheet, the terms of the APA shall prevail.  The APA shall be subject to Bankruptcy Court (defined below) approval.

| | |
|---|---|
| **Seller** | ExpressJet Airlines LLC ("Seller"), a Delaware limited liability company or its affiliates or assigns, the debtor and debtor-in-possession in Case No. 22-10787 (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). |
| **Purchaser** | JSX Holdings, LLC, a Delaware limited liability company ("Purchaser") or its affiliates, assigns, or designees. |
| **Parties** | Seller and Purchaser may be individually or collectively referred to as "Party" or "Parties". |
| **Binding Obligation** | • Parties agree to enter into a binding obligation, subject to Bankruptcy Court approval, under this Binding Term Sheet, except that this obligation may be rescinded at the option of an aggrieved Party if the other Party engages in willful misrepresentation or gross negligence, or materially fails to timely meet its obligations under this Binding Term Sheet.<br><br>• Recourse for any Party not meeting its Binding Obligation is below.<br><br>• For the avoidance of doubt, all provisions of this Term Sheet and/or the prospective consummation of any sale are subject to approval by the Bankruptcy Court. Failure to obtain Bankruptcy Court approval for the sale shall render all aspects of the contemplated transaction, including but not limited to the Parties' Binding Obligations, null and void, unless expressly set forth otherwise herein. |
| **Summary of Transaction** | Purchaser will purchase the Inventory and associated Electronic Data associated with the Inventory from Seller, free and clear of all interests, claims, liens and encumbrances pursuant to section 363(f) of the Bankruptcy Code, and will also relieve Seller of its obligation for Seller's warehouse lease where the Inventory resides. |

| Transaction Flow | The Parties agree to attempt to follow the steps below: |
|---|---|
| | 1. Parties sign this Binding Term Sheet.  Seller receives Deposit. |
| | 2. Bankruptcy Court enters an order ("Sale Order") approving an APA substantially consistent with this Term Sheet (said approval date hereafter the "Confirmation Date"). |
| | 3. After Confirmation Date, Seller invoices Purchaser for the Inventory and the Electronic Data is received by the Purchaser ("Invoice Date"). |
| | 4. On the date for closing the Transaction (the "Closing Date"), the Parties sign documents, Seller receives Payment, Seller provides Bill of Sale for the Inventory and Electronic Data, and Purchaser takes ownership of Inventory and Electronic Data. |
| | 5. Purchaser takes possession by way of written lease of warehouse where the Inventory resides or pays Seller the Lease Fee as defined below. |
| **Documentation**<br><br>(the "Documentation") | • Binding Term Sheet |
| | • APA |
| | • Sale Order |
| | • Seller Invoice for the Inventory and Electronic Data |
| | • Bill of Sale |
| | • Non-incident Statement |
| | • Agreement between Parties and warehouse Landlord that relieves Seller from its lease obligations and Purchaser from any prior lease obligations of the Debtor. |
| | • Release in favor of Purchaser (and its affiliates, agents, attorneys, and employees), releasing Purchaser from all causes of action and claims that the Debtor has or may have against Purchaser, in each case as of the closing. |
| **Key Dates** | • <u>Binding Term Sheet</u> – date this Term Sheet is executed |
| | • <u>Confirmation Date</u> – approval of the Sale Order by the Bankruptcy Court |
| | • <u>Invoice Date</u> – Seller invoiced for Inventory and Electronic Data |

| | |
|---|---|
| **Certain Defined Terms** | • "Inventory" shall mean the Embraer ERJ145, E175 and other Parts, Tooling and Ground Support Equipment as described in the RFP dated September 16, 2022 (i.e. the "RFP") and more fully specified in the 51,514 rows of the Excel spreadsheet titled "Available Inventory Report" dated _____ and the associated records (e.g., 8130s, titles, etc.) associated with the Inventory.<br><br>• "Electronic Data" shall mean Electronic Data (TRAX) and Electronic Data (AirVault/GE Digital), as defined herein.<br><br>• "Electronic Data (TRAX)" shall mean the Electronic media download of Seller's data in the TRAX system associated with the Inventory – typically usage and removal data for individual parts.<br><br>• "Electronic Data (AirVault/GE Digital)" shall mean Electronic media download of Seller's data in the GE Digital System operated by Seller to electronically record acceptance and certification of parts in the Inventory (e.g. FAA Form 8130-3 release certificates, packing slips and other receiving documents). Some portions of this data may be in the form of paper documentation. |
| **Warehouse Lease** | • Effective with the executed Bill of Sale, Purchaser will relieve Seller of its lease obligation effective from the date of the Bill of Sale at 4741 World Houston Parkway, Suite 150, Houston TX 77032 which continues through January 31, 2025, preferably by entering into an assignment transaction between the Parties with the Landlord to definitively relieve the seller of its obligation.<br><br>• Such relief in the lease obligation will include Seller selling Purchaser all office furniture, shelving, moving equipment, installed improvements, electronic equipment and wiring.<br><br>• If Purchaser is unable to relieve Seller of such obligation within sixty (60) days of the Invoice Date, it will (a) pay Seller the amount specified in the Purchase Price and (b) remove, at its own cost, all of the Inventory within ninety (90) days of the Invoice Date.  The parties may extend the time in which Purchaser may remain in possession by mutual agreement on a month-to-month basis at the monthly rate of the actual lease cost to Seller.<br><br>• For the avoidance of doubt, all provisions of this Term Sheet, including but not limited to this Warehouse Lease provision, are subject to approval by the Bankruptcy Court.  Failure to obtain Bankruptcy Court approval for the sale and/or assignment of the Warehouse Lease shall render the Parties' obligations null and void, unless expressly set forth otherwise herein. |

| **Purchase Price** | The purchase price (the "Purchase Price") for the purchase, sale, assignment and conveyance of Seller' right, title and interest in, to and under the assets set forth below and as described herein (the "Assets"), free and clear of all interests, claims, liens and encumbrances pursuant to section 363(f) of the Bankruptcy Code, shall consist of: |
|---|---|
| | • Inventory $9,000,000 |
| | • Electronic Data – TRAX $1 |
| | • Electronic Data – AirVault/GE Digital – actual cost capped at $175,000 |
| | • Lease fee ("Lease Fee") if Seller is not relieved of obligation equal to three (3) months rent and, if applicable, the normal rent on a month-to-month basis thereafter if the parties mutually agree for Purchaser to remain longer than 90 days $48,000 |
| | • Office and warehouse furniture (estimated $200,000) $1 |
| **Regulatory Approvals** | Purchaser and Seller will have obtained all necessary regulatory approvals for the Transaction, including but not limited to, any required approvals by any federal, state, local or other agency or entity whose regulatory approval is required to consummate the Transaction.  If any governmental approval is determined to be necessary and cannot be timely obtained, the Parties agree to work in good faith to modify the terms of the Transaction as necessary to ensure compliance with all federal, state, or other governmental laws, rules, and regulations while providing the same economic result to the Purchaser. |

| Conditions to Closing | As may be more fully set forth in the APA, the material conditions and contingencies for the Purchaser's obligations to close include but are not necessarily limited to:<br><br>• Seller shall have performed, satisfied and complied in all material respects with all obligations and covenants required by the APA to be performed or complied with by them on or prior to the closing date.<br>• Seller shall have executed and delivered to the Purchaser the Documentation and all other documents, schedules, and exhibits required to be delivered by them under the APA.<br>• The Purchaser shall have received any necessary third party consents, the requirements of which have not been negated by an order of the Bankruptcy Court, and governmental approvals, in form and substance satisfactory to Purchaser in its reasonable discretion, effective as of the Closing Date.<br>• The Bankruptcy Court shall have entered the Sale Order and the Sale Order shall have become final and non-appealable.<br>• The Sale Order shall be in a customary form for Section 363 sales, and shall provide that the sale of the Assets is (i) pursuant to section 363(f) of the Bankruptcy Code free and clear of all liens, claims, encumbrances, interests, and rights of set-off, whether known or unknown, disputed, contingent, actual, or otherwise, arising prior to closing, (x) to a good faith purchaser, and (y) to Purchaser with no successor liability.<br>• Purchaser shall not have received any notice pursuant to the applicable section of the APA that, individually or in the aggregate, could be reasonably expected to be materially adverse to the condition (financial or otherwise) of the Assets.<br>• No event shall have occurred that, individually or in the aggregate, could be reasonably expected to result in a material adverse change in the condition (financial or otherwise), of the Assets. |
|---|---|

| | |
|---|---|
| **Deposit, Break-Up Fee** | • Purchaser shall pay to Seller $1,000,000 (the "Deposit") within three (3) business days of execution of this Binding Term Sheet. The Deposit will be maintained as a post-petition cash deposit and applied towards the Purchase Price.  For the avoidance of doubt, the Deposit will be returned to Purchaser if the Bankruptcy Court does not approve the transaction contemplated herein or if Seller's actions or omissions are the primary cause of the failure of the transaction, including but not limited to Seller's election to annul this Agreement on its own volition or Seller's election to transact with a different purchaser.  The Deposit will be refunded within six (6) business days of such event. |
| | • Purchaser will forfeit the Deposit if it does not pay Seller the Purchase Price (less the Deposit) within six (6) business days of the Invoice Date.  For the avoidance of doubt, this will be the limitation of damages available to Seller under this Term Sheet. |
| | • Seller will pay Purchaser $500,000 (the "Seller Fee"), within six (6) business days, if Seller enters into a transaction with a different purchaser for the assets contemplated by this Binding Term Sheet, except that no Seller Fee will be payable if Purchaser materially breaches (and does not timely reasonably cure such breach  following written notice) this Binding Term Sheet or a final asset purchase and sale agreement to which it is a party.  The Seller Fee shall constitute an administrative expense claim pursuant to section 503(b) of the Bankruptcy Code and shall have priority over all other administrative expense claims. |
| **Access to Inventory** | Purchaser will be granted reasonable and customary access to the Inventory – including the warehouse premises upon Seller's receipt of payment as invoiced on the Invoice Date. |

| **Conditions, Representations & Warranties** | • Seller represents that upon entry of the Sale Order the Inventory is free and clear of any liens or conditions that disallow a free and clear sale to Purchaser.<br><br>• Other than from the passage of time and normal and wear and tear, Seller represents that the Inventory will be the same at the time of the Invoice Date of the date of this Binding Term Sheet.<br><br>• Seller will provide a non-incident statement covering the Inventory.<br><br>• Apart from the above, Seller provides the Inventory, Electronic Data-TRAX, and Electronic Data-AirVault/GE Digital on an "AS IS, WHERE IS" basis with no representations or warranties of any kind, whether oral or written or implied.  Seller specifically disclaims any implied warranties or conditions of merchantability, satisfactory quality, and fitness for a particular purpose and any obligation, liability, right claim or remedy for loss of or damage to the Inventory, for loss of use, revenue or profit with respect to the Inventory, or for any other direct, incidental or consequential damages.  Seller makes no representation as to the accuracy and completeness of the data provided.<br><br>• The APA will contain usual and customary representations, warranties, and covenants for similar bankruptcy section 363(f) sale transactions, including representations and warranties by the Purchaser that it has the requisite authority and has obtained the necessary consents to consummate the Transaction. |
|---|---|
| **Taxes** | • To extent permitted by law, Purchaser and Seller agree to work together in good faith to minimize and/or eliminate any taxes related to the closing of the transactions contemplated in the Binding Term Sheet, including, but not limited to, sales, use, VAT, withholding, or other forms of taxation.<br><br>• Purchaser shall be responsible for all sales, transfer or similar taxes other than taxes imposed on the gross or net income, gross receipts, capital, net worth, accumulated earnings profit or gains of Seller or its affiliates related to items specified in the Purchase Price section. |
| **Governing Law** | • Parties agree that this Term Sheet and any subsequent APA shall be governed by the law of the state of  Delaware.<br><br>• In accordance with the Sale Order, the Bankruptcy Court shall retain jurisdiction to resolve any controversy or claim arising out of or relating to the Transaction (including without limitation the Sale Order) or breach thereof. |

| **Purchaser And Seller Responsibility between Bill of Sale and Seller's assumption of lease or removal of Inventory** | • Seller will provide infrastructure – power, access, heat, air conditioning, security, Wi-Fi, etc. for the warehouse in a manner substantially similar to that prior to the Bill of Sale.<br><br>• Purchaser will fully and immediately insure the parts, establish or maintain appropriate liability insurance, and be responsible for any costs of removal and/or damage etc.<br><br>• Purchaser will reimburse Seller for assistance, support and conducting warehousing functions, and appropriately insure such participating personnel, within three (3) business days of invoice. |
|---|---|
| **Other material** | Parts, material, and any other asset (tangible or intangible) that are not in the Inventory are excluded from this Agreement. |
| **Sunset for this Agreement** | • By written communication from either party if no Confirmation Date by December 11, 2022.<br><br>• Deposit refunded within three (3) business days from December 11, 2022 in that event. |
| **Confidentiality** | The terms of this Binding Term Sheet and all other discussions regarding this transaction shall remain strictly confidential, except disclosures (i) to relevant regulatory authorities, if any (whether pursuant to an audit, examination, inquiry, request or routine supervisory oversight), (ii) as required by law, (iii) to a Party's partners, officers, directors, employees, financiers, affiliates and professional advisors, or any potential subsequent purchaser of the Inventory acquired by Purchaser pursuant to the Transaction contemplated herein, as necessary to effectuate the sale, and (iv) necessary to secure approval by the Bankruptcy Court. |
| **Assignment** | Neither the rights and obligations of Purchaser nor Seller may be assigned without the prior written consent of the other Party, except as otherwise provided herein; provided that Purchaser may designate another entity to take title to the Inventory on the Closing Date. |

**Agreed and Signed**

For Seller _____

By:_____

Title:_____
Chairman & CEO
Oct 20, 2022

For Purchaser _____

By:_____

Title:_____CFO_____