# Exhibit A

Liquidation Analysis for Liquidation Toggle

## **LIQUIDATION ANALYSIS**

The Debtor believes that the Plan satisfies section 1129(a)(7) of the Bankruptcy Code and that each Holder of an Impaired Claim or Interest will receive value under the Plan on the Effective Date that is not less than the value such Holder would receive if the Debtor liquidated under chapter 7 of the Bankruptcy Code. This liquidation analysis and the conclusions set forth herein represent management's best judgment regarding the results of such a liquidation. This liquidation analysis was prepared for the sole purpose of assisting the Bankruptcy Court and Holders of Impaired Claims or Interests in making this determination and should not be used for any other purpose. Nothing contained in this liquidation analysis is intended as or constitutes a concession or admission for any purpose other than the presentation of a hypothetical chapter 7 liquidation analysis for purposes of meeting the requirements of section 1129(a)(7) of the Bankruptcy Code. Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

The liquidation analysis reflects the estimated cash proceeds, net of liquidation-related costs, that would be realized if the Debtor liquidated under chapter 7 of the Bankruptcy Code commencing on January 4, 2023. Also reflected is an analysis of estimated cash proceeds available under the Plan for purposes of comparison. A number of estimates and assumptions underlie the analysis that, while considered reasonable, are inherently subject to significant uncertainties and contingencies beyond the control of the Debtor, management and its advisors. Independent accountants have not examined or reviewed the liquidation analysis. THERE CAN BE NO ASSURANCE THAT THE VALUES REFLECTED IN THE LIQUIDATION ANALYSIS WOULD BE REALIZED IF THE DEBTOR WAS, IN FACT, TO LIQUIDATE UNDER CHAPTER 7.

The liquidation analysis assumes that the Debtor's liquidation would commence under the direction of a chapter 7 trustee and would continue for a period of at least six months. During this time, the Debtor's cash proceeds from the Sale, net of liquidation related costs, would be distributed to creditors in accordance with the priorities established under the Bankruptcy Code.

A liquidation under chapter 7 would likely trigger certain priority payments that otherwise would not be due in the ordinary course of business. These priority payments would be made in full before any distribution of proceeds to pay Holders of General Unsecured Claims or to make distributions in respect of Interests.

The liquidation analysis contains an estimate of the value of Claims that ultimately will become Allowed Claims based on the Debtor's schedules of assets and liabilities and as-filed proofs of claim. The Debtor has not evaluated, nor has the Bankruptcy Court determined, the amount of each such Claim. Accordingly, the final amount of Allowed Claims may differ from the Claim amounts presented in this liquidation analysis. Upon information and belief, the Debtor does not believe that any variance between the estimates contained herein and the final Allowed Claims would have a material effect on the liquidation analysis for purposes of section 1129(a)(7) of the Bankruptcy Code.

The liquidation analysis further assumes that there are no meaningful recoveries from the pursuit of any potential preferential payments or fraudulent conveyances, or from any other Causes of Action, which would be expected to be the same under both a chapter 7 and a chapter 11 scenario.

ExpressJet Airlines, LLC
Case No. 2210787 (MFW)
Chapter 7 Liquidation Analysis
Projected Effective Date: January 4, 2023

*Amounts in $'000*

| | | Chapter 7 Liquidation | Chapter 11 Liquidation | Note |
|---|---|---:|---:|---:|
| **A.** | **Estimated Proceeds** | | | |
| | Cash Available at Effective Date | $ 8,998 | $ 8,998 | 1 |
| | Deposits Held by Creditors | 771 | 771 | 2 |
| | **Total Estimated Proceeds** | **$ 9,769** | **$ 9,769** | 3 |
| | | | | |
| **B.** | **Estimated Pre-petition Secured Claims** | | | |
| | Estimated Pre-petition Secured Claims | $ 945 | $ 945 | 4 |
| | **Estimated Total Distributions for Pre-petition Secured Claims** | **$ 945** | **$ 945** | |
| | | | | |
| | Total Proceeds Available for All Unsecured Claims, Plan Reserves, and Post-Effective Date Debtor Administration | $ 8,824 | $ 8,824 | |
| | | | | |
| **C.** | **Estimated Administrative and Priority Claims** | | | |
| | Estimated Unpaid Pre-Effective Date Administrative Claims | $ 609 | $ 609 | |
| | Estimated Unpaid Post-Petition Professional Fees | 1,244 | 1,244 | 5 |
| | Estimated Unpaid Priority Tax Claims | 2,387 | 2,387 | |
| | Estimated Unpaid Other Priority Claims | 943 | 943 | |
| | Ch. 7 Trustee Fees and Expenses | 256 | - | 6 |
| | Ch. 7 Professional Fees and Expenses (Estimated Incremental Due Diligence and Litigation Costs) | 400 - 750 | - | |
| | Ch. 7 Post-Conversion Miscellaneous Expenses | 5 | - | |
| | Ch. 11 Plan Administrator Compensation and Expenses | - | 75 - 150 | |
| | Ch. 11 Post-Effective Date Professional Fees | - | 250 - 500 | |
| | Ch. 11 Post-Effective Date Miscellaneous Expenses | - | 5 | |
| | Ch. 11 U.S. Trustee Fees (28 U.S.C. § 1930(a)(6)) | 18 | 90 | 7 |
| | **Estimated Total Distributions for Administrative and Priority Claims** | **$5,862 - $6,212** | **$5,604 - $5,929** | |
| | | | | |
| | **Total Proceeds Available for General Unsecured Claims (Including Convenience Claims)** | **$2,612 - $2,962** | **$2,896 - $3,221** | |
| | | | | |
| **D.** | **Claims Pool: Ch. 7 vs. Ch. 11** | | | |
| | General Unsecured Claims (Including Convenience Claims) | 30,499 | 30,499 | |
| | **Estimated Total Distributions for General Unsecured Claims (Including Convenience Claims)** | **$2,612 - $2,962** | **$2,896 - $3,221** | |
| | | | | |
| | *Estimated Recovery % of General Unsecured Claims: Ch. 7 vs. Ch. 11* | *8.6% - 9.7%* | *9.5% - 10.7%* | |

**Footnotes:**

[1] Cash is calculated based on the asset purchase agreement between ExpressJet and JSX Holdings which was filed at D.I. 231 on 11/08/2022 as well as the forecasted cash position of the company for the week ending 12/30/2022. The asset purchase agreement references a sale price of $9,175,000, which was adjusted to $9,223,000 to account for a lease fee that may be assessed based on the timing of an agreement between JSX and the landlord. This analysis assumes JSX pays the lease fee.

[2] Certain creditors hold deposits from ExpressJet and are asserting a secured claim based on the possession of that deposit. These deposits are assumed to be equivalent to cash upon payment of the secured claims.

[3] This Liquidation Analysis assumes that there will not be meaningful recoveries from the prosecution and/or settlement of Causes of Action under either a chapter 11 liquidation pursuant to the Plan or a hypothetical chapter 7 liquidation. Such assumptions are made without prejudice to the ability of the Debtor, the Estate, the Post-Effective Date Debtor or the Wind-Down Administrator, as applicable, to pursue any such Causes of Action. This analysis also does not consider any potential recoveries from outstanding tax refunds in New Jersey.

[4] The secured claim amount reflected in this analysis includes the deposits held by creditors.

[5] Unpaid Post-Petition Professional Fees were estimated using projected accrued professional fees as of 12/31/2022. These estimates include projected payments of professional fees through the week ended 12/30/2022.

[6] Calculated hypothetical Chapter 7 Trustee Fees based on projected distributions of cash and the trustee fee and expense calculation guidance provided in section 326 of the Bankruptcy Code.

[7] We have assumed a trustee fee of $18,000 under each scenario, which represents the estimate for U.S. Trustee fees for the fourth quarter of 2022. The additional trustee fees in the chapter 11 scenarios relate to the total cash expected to be distributed under the chapter 11 plan after the asset sale.